**IN THE UNITED STATES COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GREG LIONBERGER** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:06CV961** |
| | § | |
| **SOUTHVINA AGENCY, INC. and** | § | |
| **ALLSTATE INSURANCE CO., INC.** | § | **DEFENDANTS** |

<u>**ORDER DENYING MOTION TO REMAND**</u>

THE MATTER BEFORE THE COURT is Plaintiff's Motion to Remand [4-1], Defendant Allstate Insurance Company, Inc.'s response and Plaintiff's reply. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Plaintiff's Motion to Remand should be denied.

DISCUSSION

In March 2003, Plaintiff Lionberger obtained insurance coverage for his boat in the amount of $95,000.00 from Allstate Insurance Company, Inc. ("Allstate") through its agent, Southvina Agency, Inc. ("Southvina"). The yearly premium was $1,900.00, which Lionberger paid to Allstate in two unequal installments in March and May 2003. Lionberger renewed coverage for 2004, paying the $2,011.00 premium in three unequal installments in March, April and June 2004. Lionberger once again renewed coverage in 2005. The yearly premium was $2,122.00. Lionberger paid Allstate $1,428.66 in two equal installments in April and June 2005. He had not made another premium payment by August 29, 2005, when Hurricane Katrina destroyed his boat. When he made a claim for the damage to his boat, Allstate informed Plaintiff that his policy had been cancelled for non-payment of the premium.

Plaintiff filed suit against Allstate and Southvina on August 4, 2006 in the Circuit Court

of Harrison County, Mississippi, alleging claims of fraud, conversion, breach of contract and bad faith denial of claim.  As to Southvina, Lionberger alleges that Southvina fraudulently induced him into purchasing $95,000.00 in coverage for his boat.  Lionberger believes this was fraudulent inducement because Allstate ultimately determined that Plaintiff did not have any coverage - the policy had lapsed for non-payment of premiums.

Allstate removed the case to this Court on September 20, 2006, alleging that Southvina, an in-state defendant, had been fraudulently joined solely for the purpose of defeating diversity jurisdiction, as there is no possibility of establishing a cause of action against Southvina.  Thus, Allstate contends that the allegations against Southvina should be disregarded for the purposes of determining diversity jurisdiction.

Lionberger asserts that Allstate's removal is defective because it is untimely, having been filed 32 days after service of the original complaint and summons on Allstate on August 8, 2006 through George Dale, Insurance Commissioner.  Lionberger also argues that joinder of in-state defendant Southvina is not fraudulent.

As a preliminary matter, the Court finds that Allstate's removal was timely.  Plaintiff's summons and complaint was properly served on the statutory agent for process: George Dale, Insurance Commissioner for the State of Mississippi.  The return receipt attached as an exhibit to Plaintiff's Motion to Remand shows a stamp with the date of August 18, 2006, which is the date Plaintiff alleges the Insurance Commissioner received the package.  *See* attachment 1 to docket entry 4.  The return receipt also shows a "received" date of August 21, 2006, which is the date Allstate alleges it received the package from the Insurance Commissioner.  *Id.*  "[I]n cases where a statutory agent is served with the summons and complaint, the named defendant's time to

remove the action does is not triggered until that defendant actually receives the pleading."
*Burton v. Continental Cas. Co.*, 431 F.Supp.2d 651, 656 (S.D.Miss. 2006).  Allstate's notice of removal was filed within 30 days of August 21, 2006, and is therefore timely.

Moving to the substance of Plaintiff's remand motion, in determining whether removal was proper based on alleged improper joinder, the Court must decide whether Plaintiff has any possibility of establishing a valid cause of action against Southvina.  *See Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990).  Examining the complaint in its entirety, there are no allegations of actions taken by Southvina which caused or contributed to Lionberger's damages.  Rather, the allegations establish that Southvina was simply the conduit for Lionberger's insurance purchase.  Premiums were paid to Allstate, not Southvina, and Allstate, not Southvina, accepted Lionberger's irregular premium payments in the years prior to Hurricane Katrina.  The insurance policy at issue provided coverage in the amount of $95,000.00, which was the amount Lionberger allegedly requested that Southvina procure for him.  (Exh. 3 to Def. Resp.).  Southvina is not a party to the insurance policy.  *Id.*  In short, none of the allegations show that Southvina played any part in the denial of Lionberger's insurance claim, and all of Lionberger's claims in this lawsuit flow from Allstate's denial of the insurance claim.  The Court therefore finds no possibility that Lionberger will be able to establish a valid cause of action against Southvina.  Allstate has satisfied its burden to establish the fraudulent joinder of Southvina, and the Motion to Remand should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [4-1] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1

(B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the magistrate judge of this order and shall promptly submit an order lifting the stay entered in this matter on December 19, 2006.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE